**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TIMOTHY BROWN, on behalf of himself and all others similarly situated, <br><br>                 Plaintiff, <br><br>     v. <br><br> LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, L.P.; and CREDIT CONTROL, LLC <br><br>                 Defendants. | Civil Action No.: <br><br><br> **<u>NOTICE OF REMOVAL</u>** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants LVNV Funding, LLC, Resurgent Capital Services, L.P. and Credit Control, LLC (collectively, "Defendants"), by and through their attorneys, Gordon Rees Scully Mansukhani LLP, jointly and collectively file this Notice of Removal for the above-captioned case, removing this case from the Superior Court of New Jersey, Middlesex County, Law Division, Docket No. MID-L-006197-21, to the United States District Court for the District of New Jersey.  Defendants respectfully represent and state as follows:

1.　　On October 25, 2021, Plaintiff Timothy Brown commenced this action by filing a Complaint in the Superior Court of New Jersey, Middlesex County, Law Division, Docket No. MID-L-006197-21, captioned *Timothy Brown v. LVNV Funding, LLC et al.*  A copy of the Complaint is annexed hereto as **<u>Exhibit A</u>**.

2.　　In accordance with 28 U.S.C. § 1446(a) the Complaint constitutes all of the process, pleadings, and orders served on Defendants prior to the removal of this action.

## STANDARD FOR REMOVAL

3.     Defendants file this Notice of Removal pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed," and pursuant to 28 U.S.C. § 1446(b), which provides that notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

4.     Defendants are filing this Notice of Removal within thirty (30) days of the receipt of the Complaint.

## FEDERAL QUESTION JURISDICTION

5.     Under 28 U.S.C. § 1331, this Court has original jurisdiction over all claims arising under the laws of the United States.

6.     Here, Defendants' alleged violation of the FDCPA constitutes a claim being brought under the laws of the United States.

7.     Accordingly, this action presents claims arising under the laws of the United States thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1331.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the District of New Jersey, Newark Division is the district and division within which this lawsuit is pending (Middlesex County, New Jersey)

9.     Contemporaneous with the filing of this Notice of Removal, Defendants have given written notice to Plaintiff and have filed a copy of this Notice of Removal with the Clerk of the

Superior Court of New Jersey, Middlesex County, Law Division, as well as a Notice of Filing the Petition for Removal.

10.    By filing this Notice of Removal, Defendants do not waive any rights or defenses, and expressly reserve all rights and defenses that they may have with respect to Plaintiff's Action. Defendants jointly file this Notice of Removal.

## **PRAYER**

WHEREFORE, Defendants hereby give notice that this action is removed to the United States District Court for the District of New Jersey.

Dated: February 4, 2022

GORDON REES SCULLY MANSUKHANI LLP
*Attorneys for Defendants LVNV Funding, LLC, Resurgent Capital Services, L.P. and Credit Control, LLC*

By:    */s/ Peter G. Siachos*
Peter G. Siachos

18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Tel: (973) 549-2500
Fax: (973) 377-1911

To:    Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
185 Cedar Lane, Suite U5
Teaneck, NJ 07666
*Attorney for Plaintiff Timothy Brown*

# EXHIBIT A

Ryan Gentile (NJ-ID 032202007)
LAW OFFICES OF GUS MICHAEL FARINELLA, PC
185 Cedar Lane – Suite U5
Teaneck, NJ 07666
Tel: (201) 873-7675
Fax: (212) 675-4367
rlg@lawgmf.com
*Attorneys for Plaintiff, Timothy Brown*
*on behalf of himself and all others similarly situated*

| | |
|---|---|
| TIMOTHY BROWN, *on behalf of himself and all others similarly situated,*<br><br>Plaintiffs<br><br>v.<br><br>LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, L.P.; and CREDIT CONTROL, LLC<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>Docket No.<br><br>Civil Action<br><br>**CLASS ACTION COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against Defendants, on behalf of himself and pursuant to Rule 4:32, all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to secure redress for the debt collection practices utilized by LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and Credit Control, LLC ("Credit Control") (collectively the "Defendants") in connection with their attempts to collect an alleged debt from Plaintiff and others similarly situated.

2. Plaintiff alleges that the Defendants' collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

1

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See generally* 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d).

6. Venue and personal jurisdiction in this County are proper because:

   a. The acts giving rise to this lawsuit occurred within this County;

   b. Defendants do business within this County; and

   c. Plaintiff resides within this County.

## PARTIES

7. Plaintiff, Timothy Brown, is an individual natural person who at all relevant times resided in the City of Plainsboro, County of Middlesex, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. LVNV is a limited liability corporation with its principal place of business located at 55 Beattie Place – Suite 110, Greenville, SC 29601.

2

10. LVNV is a post-default purchaser of consumer debts. LVNV's business model is to pay less than ten cents on the dollar for an individual's defaulted debt and then seek to collect the full amount of that defaulted debt from the individual.

11. LVNV's website describes LVNV as a corporation that purchases debts after they have been charged off by their original creditor. *See* http://lvnvfunding.com (Last visited October 25, 2021).

12. The principal purpose of LVNV is the collection of debts using the mail and telephone.

13. Debt collection is the principal purpose of LVNV's business.

14. LVNV has no principal purpose other than purchasing defaulted debts and then seeking to collect said debts.

15. Debt collection is LVNV's only business.

16. LVNV is in the business of debt-buying.

17. LVNV exists solely for the purpose of purchasing defaulted debts at a discount and then seeking to collect the full amount of the defaulted debts.

18. LVNV's only business is the purchasing of debts for the purpose of collecting on those debts.

19. LVNV's *raison d'être* is obtaining payment on the debts that it acquires.

20. LVNV does not offer or extend credit or engage in lending, they only purchase defaulted debts at a discount and then attempt to collect said debts.

21. LVNV is licensed as a "debt collector" with the state of New Jersey.

22. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23. Resurgent Capital Services, LP is a limited partnership with its principal place of business located at 55 Beattie Place, Suite 110, Greenville, SC 29601.

3

MID-L-006197-21   10/25/2021 4:05:20 PM  Pg 4 of 18 Trans ID: LCV20212486038

24. The principal purpose of Resurgent is the collection of debts using the mail and telephone.

25. Resurgent regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

26. LVNV's website describes Resurgent as a corporation to whom LVNV "outsources the management of its portfolio of accounts…" and that Resurgent acts as an "Account Administrator" for LVNV. *See* http://lvnvfunding.com (Last visited October 25, 2021).

27. Resurgent is licensed as a "debt collector" with the State of New Jersey.

28. Resurgent is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

29. Credit Control LLC is a limited liability corporation with its principal place of business located at 5757 Phantom Drive, Suite 330 Hazelwood, MO 63042.

30. The principal purpose of Credit Control is the collection of debts using the mail and telephone.

31. Credit Control regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

32. Credit Control is licensed as a "debt collector" with the state of New Jersey.

33. Credit Control is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

34. Sometime prior March 30, 2020, Plaintiff allegedly incurred a debt to First Premier Bank ("FPB") related to a personal credit card account with an account number ending in 3904 (the "Debt").

35. The alleged Debt arose out of transactions in which the money, property, insurance or services that were the subject of the transactions were primarily for personal, family or household

purposes, namely fees alleged to have emanating from a personal credit card account in Plaintiff's name that was issued by FPB.

36. Plaintiff did not open or use any credit card accounts, including the one Defendants allege he opened with FPB, for business purposes.

37. Plaintiff's alleged Debt to FPB is a "debt" as defined by 15 U.S.C. § 1692a(5).

38. Defendants allege that LVNV purchased the Debt and that LVNV is now the entity to whom the Debt is owed.

39. Defendants contend that the Debt was in default when it was allegedly purchased by LVNV.

40. Plaintiff does not concede or agree that he owes the Debt to LVNV or that the Debt was purchased by LVNV from FPB or any other entity. Plaintiff only alleges that Defendants *claim* that LVNV purchased the Debt after it went into default and that Defendants allege that Plaintiff now owes the Debt to LVNV.

41. Plaintiff disputes owing the Debt to LVNV.

42. Plaintiff denies that arbitration rights, if any, were assigned to Defendants from any entity.

43. Resurgent was never transferred, sold, or assigned any interest or rights with regard to the Debt.

44. Resurgent is not the owner of the Debt or the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

45. Credit Control was never transferred, sold, or assigned any interest or rights with regard to the Debt.

46. Credit Control is not the owner of the Debt or the Plaintiff's creditor, but rather is merely a third-party debt collector with no legal interest or right in the Debt.

47. Defendants contend that the Debt is past-due and in default.

48. At the time LVNV referred the alleged Debt to Credit Control, Defendants contend that the Debt was past-due.

49. At the time Resurgent referred the alleged Debt to Credit Control, Defendants contend that the Debt was in default.

50. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

51. On or about March 30, 2020, Resurgent sent Plaintiff a letter ("Resurgent Letter #1") which stated that they received a recent communication regarding the Debt and provided information regarding Plaintiff's legal rights. (Annexed and attached hereto as **Exhibit A** is a true copy of Resurgent Letter #1 except the undersigned counsel has redacted the financial account number and Plaintiff's street address in order to protect their privacy)

52. On May 21, 2020, in response to receiving the Resurgent Letter #1, Plaintiff mailed a letter to LVNV care of Resurgent ("Plaintiff's Letter") that stated, "In response to your March 30, 2021 letter, I refuse to pay this debt under any circumstances". (Annexed and attached hereto as **Exhibit B** is a true copy of the Plaintiff's Letter except the undersigned counsel has redacted the financial account number and Plaintiff's street address in order to protect their privacy)

53. LVNV and Resurgent (who both share the same address) received the Plaintiff's Letter in the mail on June 3, 2020.

54. After Resurgent received the Plaintiff's Letter, they entered it into their records for the Plaintiff's Debt and his account.

55. After Resurgent received the Plaintiff's Letter, they forwarded it to LVNV who then entered the Plaintiff's Letter into their records for the Plaintiff's Debt and his account.

6

56. At all times after June 3, 2020, both LVNV and Resurgent had actual written notification from the Plaintiff through the Plaintiff's Letter that he refused to pay the Debt "under any circumstances".

57. Sometime on or about October 26, 2021, LVNV referred the Debt to Credit Control for collection.

58. Sometime on or about October 26, 2021, Resurgent referred the Debt to Credit Control for collection.

59. Resurgent placed the Debt with Credit Control for collection.

60. LVNV placed the Debt with Credit Control for collection.

61. Resurgent hired Credit Control to collect the Debt.

62. LVNV hired Credit Control to collect the Debt.

63. LVNV and/or Resurgent referred the Debt to Credit Control in response to receiving the Plaintiff's Letter.

64. At the time LVNV and/or Resurgent referred the Debt to Credit Control for collection, LVNV and/or Resurgent provided Credit Control with all the account information that they had related to the Debt and the Plaintiff.

65. Included in the account information that LVNV and Resurgent provided to Credit Control was the fact that LVNV and Resurgent received the Plaintiff's Letter from Plaintiff wherein he, in writing, told LVNV and Resurgent that he refused to pay the Debt under any circumstances.

66. On or about October 26, 2020, Credit Control mailed or caused to be mailed a letter to Plaintiff (the "Credit Control Letter"). (Annexed and attached hereto as **Exhibit C** is a true copy of the Credit Control Letter dated October 26, 2020 that Credit Control mailed

7

or caused to be mailed to Plaintiff, except the undersigned counsel has redacted the

financial account numbers and Plaintiff's street address to protect their privacy).

67. Credit Control had actual knowledge prior to mailing the Credit Control Letter to

Plaintiff that LVNV and Resurgent had received the Plaintiff's Letter attached as **Exhibit**

**B** from Plaintiff wherein he stated, in writing, that he refused to pay the Debt.

68. Credit Control had access to the Plaintiff's Letter prior to sending the Credit Control

Letter.

69. Credit Control had the ability to request a copy of the Plaintiff's Letter from Resurgent

and/or LVNV prior to sending the Credit Control Letter to Plaintiff.

70. Credit Control mailed the Credit Control Letter attached as **Exhibit C** as a part of their

efforts to collect the Debt.

71. Credit Control mailed the Credit Control Letter attached as **Exhibit C** on behalf of

LVNV and Resurgent.

72. Credit Control mailed the Credit Control Letter at the direction and request of LVNV

and/or Resurgent.

73. Plaintiff received the Credit Control Letter in the mail.

74. Plaintiff read the Credit Control Letter upon receipt of it in the mail.

75. The Credit Control Letter was sent in connection with the collection of the Debt.

76. The Credit Control Letter seeks to collect the Debt.

77. The Credit Control Letter conveys information regarding the Debt including the Total

Due, Credit Control account number, and requested payment of the Debt.

78. The Credit Control Letter is a "communication" as that term is defined by 15 U.S.C. §

1692a(2).

## CLAIMS FOR RELIEF

### COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(Against LVNV Funding, LLC & Resurgent Capital Services, L.P.)**

79. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

80. The conduct of the LVNV and Resurgent in this case violates 15 U.S.C. §§ 1692c(c) and

1692d.

81. 15 U.S.C. § 1692c(c) provides:

> If a consumer notifies a debt collector in writing that the consumer **refuses to pay a debt** or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --
>
>> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>>
>> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>>
>> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
> If such notice from the consumer is made by mail, notification shall be complete upon receipt
>
> (Emphasis Added)

82. 15 U.S.C. §1692d provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt

83. LVNV and Resurgent violated § 1692c(c) of the FDCPA because they continued to

communicate with the Plaintiff in an attempt to collect the Debt after receiving the

Plaintiff's Letter attached as **Exhibit B**. The Plaintiff's Letter clearly communicated, in

writing, that Plaintiff refuses to pay the Debt by stating, "I refuse to pay this debt under any circumstances." Stating that you refuse to pay a debt under any circumstances is an unmistakable and clear refusal to pay a debt. After receiving the Plaintiff's Letter, 15 U.S.C. § 1692c(c) required LVNV and Resurgent to cease all communications with Plaintiff other those communications described in subjections (1), (2) and (3) of § 1692c(c), none of which are applicable here. Rather than cease communications with the Plaintiff, LVNV and Resurgent referred the Debt to Credit Control and then directed Credit Control to communicate with the Plaintiff, on their behalf (an "indirect" communication), in an attempt to collect the Debt by sending the Credit Control Letter to Plaintiff.

84. LVNV and Resurgent violated § 1692d of the FDCPA because their efforts to collect the Debt after receiving the Plaintiff's Letter attached as **Exhibit B** has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt. Rather than ceasing communications with the Plaintiff, as they were legally required to do, LVNV and Resurgent instead began a campaign of harassment and abuse directed toward the Plaintiff by hiring Credit Control to contact the Plaintiff on their behalf in an effort to collect the Debt. This conduct has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt, and thus LVNV and Resurgent violated § 1692d.

85. Despite their receipt of Plaintiff's Letter on June 3, 2020 stating, "In response to your March 30, 2021 letter, I refuse to pay this debt under any circumstances", LVNV and Resurgent continued to communicate with the Plaintiff in an attempt to collect the Debt

by forwarding the Debt to another collection agency (Credit Control) and seeking to collect the Debt by employing Credit Control's collection services.

86. Resurgent and LVNV ignored Plaintiff's refusal to pay the Debt and continued to harass and abuse the Plaintiff by placing Plaintiff's alleged Debt with another collection agency who then began attempts to collect the Debt at the request of Resurgent and LVNV.

87. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful and harassing conduct including but not limited to humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

88. LVNV and Resurgent are liable to the Plaintiff for damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

## CLAIMS FOR RELIEF

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(Against Credit Control)

89. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

90. The conduct of Credit Control in this case violates 15 U.S.C. § 1692d.

91. At the time LVNV and Resurgent referred the Debt to Credit Control, LVNV and Resurgent provided Credit Control with all LVNV and Resurgent's with Plaintiff's personal information and information related to the Debt and the Plaintiff, including information that LVNV and Resurgent received the Plaintiff's Letter attached as **Exhibit B** wherein Plaintiff stated, in writing, "I refuse to pay this debt under any circumstances."

92. This information that Credit Control received from Resurgent and/or LVNV allowed Credit Control to have their letter attached as **Exhibit C** drafted and mailed to Plaintiff.

93. Credit Control had actual knowledge prior to sending the Credit Control Letter to Plaintiff that LVNV and Resurgent had received the Plaintiff's Letter, wherein he, in writing, stated that he refused to pay the Debt under any circumstances.

94. Credit Control had the ability to access and/or request the Plaintiff's Letter from Resurgent and/or LVNV prior to sending their letter attached as **Exhibit C.**

95. Credit Control had actual knowledge prior to sending the Credit Control Letter to Plaintiff that LVNV and Resurgent had received the Plaintiff's Letter from Plaintiff, and therefore that LVNV and Resurgent were legally prohibited from continuing to communicate with Plaintiff in an attempt to collect the Debt. Despite this actual knowledge, Credit Control communicated with the Plaintiff, at the request of and on behalf of LVNV and Resurgent, in an attempt to collect the Debt. Credit Control's continued communication with the Plaintiff on behalf of and at the direction of LVNV and Resurgent, despite knowing that LVNV and Resurgent were not legally allowed to communicate with the Plaintiff in connection with the collection of the Debt, has the natural consequence of harassing and abusing the Plaintiff in connection with the collection of the Debt and thus violates 15 U.S.C. § 1692d.

96. The Debt was passed the applicable statute of limitations for legal collection in New Jersey at the time Credit Control mailed their letter attached as **Exhibit C.**

97. Credit Control is liable to the Plaintiff for damages pursuant to 15 U.S.C. § 1692k for their violations of the FDCPA described above.

## POLICIES AND PROCEDURES COMPLAINED OF

98. Upon receipt of a letter from consumers wherein they state in writing that they refuse to pay a debt or that they wish for communications to cease, LVNV and Resurgent ignore the letter(s) and refer the underlying debt to a new collection agency as part of their standard practice and policy in contravention to the FDCPA.

99. Credit Control, as a part of their standard practice and policy, communicate with consumers on behalf of LVNV and Resurgent despite having actual knowledge that LVNV and Resurgent are prohibited from communicating with a consumer in connection with the collection of a debt.

## CLASS ALLEGATIONS

100.   Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

101.   This action is brought as a class action on behalf of two classes. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 4:32.

102.   Class A consists of (a) all individuals (b) with a New Jersey address (c) who were alleged to owe a debt to LVNV (d) where LVNV and/or Resurgent referred a debt to a collection agency after receiving a letter from an individual that stated either (i) that they refused to pay the debt or (ii) that they wished for communications to cease (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

103.    Class B consists of (a) all individuals (b) with a New Jersey address (c) to whom Credit Control sent a letter in a form materially identical to the Credit Control Letter attached as **Exhibit C** (d) which was not returned as undeliverable (e) in an attempt to collect a debt allegedly owed to LVNV (f) after having been provided information from either LVNV and/or Resurgent that the individual had previously notified LVNV and/or Resurgent in writing either (i) that they refused to pay the debt or (ii) that they wished for communications to cease (g) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

104.    The class definitions above may be subsequently modified or refined.

105.    The proposed class specifically excludes the United States of America, the state of New Jersey, counsel for the parties, the presiding Judge, and the Judges of the Superior Court of New Jersey, Appellate Courts and Supreme Court.

106.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 4:32 because there is a well-defined community interest in the litigation:

       i.  **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the classes defined above are so numerous that joinder of all members of each would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

ii.  **Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendants' identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692c(c) and 15 U.S.C. §1692d; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii.  **Typicality**: Plaintiff's claims are typical of those of the classes they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member of both classes. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members of each class.

iv.  **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members of each class. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute

15

this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

1. An order certifying that Counts I and II may be maintained as a class action pursuant to Rule 4:32 and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that LVNV and Resurgent violated 15 U.S.C. §§ 1692c(c) and 1692d;

3. Adjudging that Credit Control violated 15 U.S.C. §§ 1692d and 1692e;

4. An award of statutory damages for Plaintiff and the classes pursuant to 15 U.S.C. § 1692k;

MID-L-006197-21   10/25/2021 4:05:20 PM  Pg 17 of 18 Trans ID: LCV20212486038

5.  Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

6.  Such other and further relief as the Court deems proper.

Dated: Teaneck, NJ
       October 25, 2021

                                        /s/ Ryan Gentile
                              By:_____
                                        Ryan Gentile, Esq.
                                        Attorney for Plaintiff
                                        185 Cedar Lane – Suite U5
                                        Teaneck, NJ 07666
                                        Tel: (201) 873-7675
                                        Fax: (212) 675-4367
                                        rlg@lawgmf.com

                         **DESIGNATION OF TRIAL COUNSEL**

        Plaintiff designates Ryan Gentile as trial counsel

                      **CERTIFICATION OF NO OTHER ACTIONS**

        I certify, pursuant to New Jersey Court Rule 4:5-1, that the matter in controversy in the
within action is not the subject of any other action pending in any other court or a pending
arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge
and belief no other action or arbitration proceeding is contemplated. Further, other than the
parties set forth in this complaint, I know of no other parties that should be made a part of this
lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the
court an amended certification if there is a change in the facts stated in this original certification.
I certify that confidential personal identifiers, as defined in Rule 1: 38-7(a), have been redacted
from documents now submitted to the Court and will also be redacted from all documents
submitted in the future pursuant to Rule 1:38-7(b).

        I certify that the foregoing statements made by me are true. I am aware that if any of the
foregoing statements made by me are willfully false, I am subject to punishment.

Dated: Teaneck, NJ
       October 25, 2021
                              Law Offices of Gus Michael Farinella, PC

                                        /s/ Ryan Gentile
                              By:_____
                                        Ryan Gentile, Esq.
                                        Attorney for Plaintiff
                                        185 Cedar Lane – Suite U5

                                        17

Teaneck, NJ 07666
Tel: (201) 873-7675
Fax: (212) 675-4367
rlg@lawgmf.com

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

Dated: Teaneck, NJ
October 25, 2021

Law Offices of Gus Michael Farinella, PC

/s/ Ryan Gentile
By:_____
Ryan Gentile, Esq.
Attorney for Plaintiff
185 Cedar Lane – Suite U5
Teaneck, NJ 07666
Tel: (201) 873-7675
Fax: (212) 675-4367
rlg@lawgmf.com

18

# EXHIBIT A

MID-L-006197-21   10/25/2021 4:05:20 PM  Pg 2 of 2 Trans ID: LCV20212486038

PO Box 510090
Livonia MI 48151-6090



RESURGENT
Capital Services

PBVUBW00200373

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
TIMOTHY M BROWN
PLAINSBORO, NJ 08536-0151

| | |
|---|---|
| Account Number: | ****3904 |
| Original Creditor: | First Premier Bank |
| Current Owner: | LVNV Funding LLC |
| Reference ID: | 2958 |
| Balance: | $1,590.16 |
| Accountholder Name: | Timothy M Brown |

March 30, 2020

Dear Timothy M Brown:

We are providing the following information regarding the accountholder's legal rights in response to a recent communication regarding the above-referenced account.

For further assistance, please contact one of our Customer Service Representatives toll-free at 1-888-665-0374.

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

**Please read the following important notices as they may affect your rights.**

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC cannot sue you for it, and LVNV Funding LLC cannot report it to any credit reporting agency.



*Hours of Operation*
8:00AM-9:00PM EST
Monday - Thursday
8:00AM-7:00PM EST
Friday
9:00AM-5:00PM EST
Saturday



*Address*
Suite 110 MS 576
55 Beattie Place
Greenville, SC 29601



*Contact Numbers*
Toll Free Phone
1-888-665-0374
Toll Free Fax
1-866-467-0163



*Customer Portal*
Portal.Resurgent.com



# EXHIBIT B

MID-L-006197-21   10/25/2021 4:05:20 PM  Pg 2 of 2 Trans ID: LCV20212486038

Timothy M. Brown
~~████████~~
Plainsboro, NJ 08536

May 21, 2020

LVNV Funding, LLC
c/o Resurgent Capital Services
PO Box 10497
Greenville, SC 29603

Re:    Reference ID: 466902958

In response to your March 30, 2020 letter, I refuse to pay this debt under any
circumstances.

Sincerely,

Timothy M. Brown

# EXHIBIT C

MID-L-006197-21    10/25/2021 4:05:20 PM  Pg 2 of 3 Trans ID: LCV20212486038

## Credit Control, LLC

| | | |
|---|---|---|
| **Letter Date** | 5757 Phantom Drive, Suite 330 | **Hours of Operation (ET)** |
| 10/26/2020 | Hazelwood MO 63042 | M - Th 9a.m. - 6p.m. |
| | 877-431-7784 | F 8a.m. - 5p.m. |

### Your Account Information

| | | |
|---|---|---|
| Current Creditor: LVNV Funding LLC | Our Acct.#: | ■■■■8764 |
| Original Creditor: First Premier Bank | Orig. Acct.#: | ************3904 |
| | Amount Due: | $1,590.16 |

### Important Notice

Dear Timothy M Brown, please be advised the above-referenced account has been placed with our office for collection. We want to bring this matter to your attention. Subject to your rights set forth below or as otherwise provided by law, please submit payment in the amount of $1,590.16 via any of the convenient options below.

### Payment Instructions

- 🖱️ Make a payment via our website at www.credit-control.com.
- ✉️ Submit payment via U.S. mail to: PO BOX 100, HAZELWOOD MO 63042.
  Please include your account number in the memo section of your check or money order.
- ☎️ Call us toll-free at 877-431-7784 to make payment arrangements. Calls are recorded and may be monitored for quality assurance purposes. You may ask for Mike Riley.

### Please Read Important Disclosures

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC cannot sue you for it, and LVNV Funding LLC cannot report it to any credit reporting agency. The current creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt has expired. Even if the statute of limitations is expired, you may choose to make payments on the debt. However, be aware that if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again.

NOTICE: DISCLOSURES MAY CONTINUE ON THE REVERSE SIDE

MID-L-006197-21   10/25/2021 4:05:20 PM  Pg 3 of 3 Trans ID: LCV20212486038

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Resurgent Acquisitions LLC | PYOD LLC | SFG REO, LLC |
| Resurgent Receivables LLC | Pinnacle Credit Services, LLC | CACV of Colorado, LLC |
| Resurgent Funding LLC | Sherman Originator LLC | Anson Street LLC |
| CACH, LLC | Sherman Originator III LLC | Sherman Acquisition LLC |

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your credit worthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

